# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 29, 2026

* * * * * * * * * * * * * * *
KEVIN SLAYTON, *
*
Petitioner, * No. 21-1914V
*
v. * Special Master Young
*
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
*
Respondent. *
* * * * * * * * * * * * * * *

*Howard Spessard Stevens*, Pascale Stevens, LLC, Baltimore, MD, for Petitioner.
*Lara A. Englund*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 27, 2021, Kevin Slayton ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. §§ 300aa-10 to -34 (2018)[2] (the "Vaccine Act" or "Program"). Pet., ECF No. 1. Petitioner alleged that the influenza ("flu") vaccine he received on September 27, 2018, caused him to suffer from Guillain-Barre Syndrome ("GBS"). *Id.* at 1. On April 1, 2025, the parties filed a joint stipulation, which I adopted as my decision awarding compensation on April 7, 2025. ECF No. 57.

On November 12, 2025, Petitioner filed a motion for attorneys' fees and costs. Pet'r's Mot. for AFC, ECF No. 61. Petitioner requests total attorneys' fees and costs in the amount of

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

$24,357.52, representing $21,810.00[3] in attorneys' fees and $2,547.52[4] in attorneys' costs. *Id*. at 3. Respondent responded to the motion on November 19, 2025, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2, 4 ECF No. 62. Petitioner did not file a reply thereafter. This matter is now ripe for consideration.

## I. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of her or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and

---

[3] This amount includes $16,650.00 in attorneys' fees incurred by Attorney Howard Stevens, and $5,160.00 in attorneys' fees incurred by a paralegal service retained by Mr. Stevens. *See* Fees App. at 3; *see also* Fees App. Ex. 3 at 6; Fees App. Ex. 6 at 2.

[4] This amount includes $2,450.00 in attorneys' costs incurred by Attorney Howard Stevens, and $97.50 in attorneys' fees incurred by a paralegal service retained by Mr. Stevens. *See* Fees App. at 3; *see also*; Fees App. Ex. 6 at 2; Fees App. Ex. 7 at 1.

reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Reasonable Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[5]

Petitioner requests that his attorney, Mr. Howard Stevens, be compensated at the rate of $350.00 per hour for work performed in 2022, and $375.00 per hour for work performed from 2023-2025. It appears that this is Mr. Stevens' first case in the Vaccine Program, and therefore the court has not previously had an opportunity to assess the reasonableness of his hourly rates. Mr. Stevens states in his affidavit that he was admitted to practice law in the State of Maryland in June 1998 and was admitted to practice before the Court of Federal Claims in June 2016. Pet'r's Mot. for AFC, Ex. 1 at 1-2. Based on my experience, the hourly rates billed and requested by Mr. Stevens are reasonable and shall be awarded herein.

Additionally, Petitioner employed Wellens & Jablon, LLC to provide paralegal services in this case. *See* Pet'r's Mot. for AFC Ex. 6. Petitioner requests $100.00 per hour for work performed by paralegal Mark Jablon from 2021-2024. Based on my experience, the hourly rate billed and requested for paralegal services is reasonable and shall be awarded herein.

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Upon review, I find the overall hours billed to be reasonable. However, I have identified several billing entries, totaling approximately 27.7 hours reflecting tasks considered administrative in nature including scanning, downloading, filing, and mailing documents. *See* Pet'r's Mot. for AFC Exs. 3, 6. It is well established in the Program that secretarial or administrative tasks should not be billed at all, regardless of who performs such task. *See, e.g., McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *26 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Further, most of the non-compensable entries for filing were included with other tasks. For example, on March 29, 2021, Mr. Jablon billed 1.8 hours for "Arranged file for scanning, researched hypogammaglobulinemia;" on February 25, 2022, Mr. Jablon billed 6 hours for "Certified medical

[5] The OSM Fee Schedules are available at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

records - contacted providers to ensure that records were provided correctly, gathered documents;" and on May 22, 2024, Mr. Stevens billed one hour to "Finalize compiling rebuttal report and literature for filing, draft updated exhibit list and notice of filing, and e-file through ECF." Pet'r's Mot. for AFC Ex. 3 at 4, Ex. 6 at 1.

Additionally, I have identified several improperly billed tasks by Mr. Stevens in this matter, reflecting work considered to be paralegal in nature, including obtaining the status of medical records, preparing basic documents like notices of filing, exhibit lists, and statements of completion.[6] Counsel should note that "[t]asks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *See Riggins v. Sec'y of Health & Human Servs*., No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these tasks are reasonable, they must be charged at non-attorney rates.

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health and Human Servs.*, 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) *rev'd* on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." *Saxton*, 3 F. 3d at 1521. In this case, considering administrative, block billing, and billing for paralegal tasks at an attorney rate, the undersigned finds that a 5% reduction in overall fees reasonable. This results in a reduction of **$1,090.50**.[7]

Petitioner is therefore awarded final attorneys' fees in the amount of $20,719.50.

### C. Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $2,547.52 in attorneys' costs comprised of acquiring medical records for $97.52, and expert services provided by Joseph Moeller, D.O. Pet'r's Mot. for AFC, Ex. 6 at 2; Ex. 7 at 1.

Wellens & Jablon, LLC billed three entries for medical records costs, but did not provide a corresponding receipt or invoices for the following:

---

[6] The following billing entries charged by Mr. Stevens reflect paralegal work: 3/18/22; 3/1/22; 3/4/22; 6/23/22; 9/21/22; 11/23/22; 4/12/23; 9/19/23; 2/11/24; 2/15/24; 5/22/24; 5/29/25. *See* Fees App. Ex. 3 at 1-4, 6.

[7] This amount is calculated as $21,810.00 x 0.05 = **$1,090.50**.

- 03/03/2022 - Invoice for Medical Records: Chesapeake Medical Imaging Medical Records Invoice - $25.16;
- 03/03/2022 - Invoice for Medical Records: Annapolis Neurology Associates Medical Records Invoice - $37.32; and
- 06/14/2022 - Invoice for Medical Records: MD Primary Care medical records invoice fee - $35.04.

Pet'r's Mot. for AFC, Ex. 6 at 2.

Petitioners bear the burden of substantiating and establishing the reasonableness of costs expended with "supporting documentation such as receipts, invoices, canceled checks, etc." *Solomon v. Sec'y of Health & Hum. Servs.*, No. 14-748V, 2016 WL 8257673, at *8 (Fed. Cl. Spec. Mstr. Oct. 27, 2016) (quoting *Ceballos v. Sec'y of Health & Hum. Servs.*, No. 99-097V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004)). Special masters, however, have awarded compensation for costs without documentation when they are "satisfied that the costs incurred were related to the proceedings ... and were reasonable." *Erickson v. Sec'y of Health & Hum. Servs.*, No. 96–361V, 1999 WL 1268149, at *8 (Fed. Cl. Spec. Mstr. Dec. 10, 1999); *see also English v. Sec'y of Health & Hum. Servs.*, No. 01–61V, 2006 WL 3419805, at *14–15 (Fed. Cl. Spec. Mstr. Nov. 9, 2006) (allowing payment for computer research even though no documentation was provided). Although there was no documentation provided to support the costs outlined above, the medical records requests seem reasonable, so I will grant these costs. Counsel is cautioned that a failure to provide sufficient documentation in the future may result in a reduction of the costs awarded.

Petitioner also requests reimbursement for expert services provided by Dr. Joseph Moeller. Dr. Moeller billed $2,000.00 for "Record review and report," and $450.00 for "Zoom evaluation and report," totaling $2,450.00. Pet'r's Mot. for AFC, Ex. 7 at 1.

Under the Vaccine Program's practice guidelines, an "expert's services must be identified with particularity in contemporaneous, dated records indicating the amount of time spent on each task." *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78. Additionally, "the particular tasks for which fees are claimed, the amount of time spent on that task, the person who performed the task, and that person's billed hourly rate must be identified in contemporaneous, dated records." *Id*. Petitioner's counsel must provide sufficient evidence to warrant approval of an expert's hourly rate. *See Vogler v. Sec'y of Health & Hum. Servs.*, No. 11-424V, 2013 WL 1635860, at *2 (Fed. Cl. Spec. Mstr. Mar. 24, 2013). Although Dr. Moeller did not provide detailed billing records, I find that the amount he billed for his services was reasonable and will award it in full. Counsel is cautioned that a future failure to provide contemporaneous billing records for expert services could result in a reduction or denial of compensation for those costs.

Accordingly, Petitioner is awarded final attorneys' costs in the amount of **$2,547.52**.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable.

Based on the above analysis, I find that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $21,810.00 |
| (Reduction of Fees) | ($1,090.50) |
| **Total Attorneys' Fees Awarded** | **$20,719.50** |
| | |
| Attorneys' Costs Requested | $2,547.52 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$2,547.52** |
| | |
| **Total Attorneys' Fees and Costs** | **$23,267.02** |

**Accordingly, I award Petitioner a lump sum in the amount of $23,267.02, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[8]

**IT IS SO ORDERED**.

s/Herbrina D. S. Young
Herbrina D. S. Young
Special Master

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.